UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **CILA, SHANNON GREER** | **PETITIONER/DEFENDANT** |
| v. | CIVIL ACTION NO. 3:22CV-155-CRS |
| **COMMONWEALTH OF KENTUCKY** | **RESPONDENT/PLAINTIFF** |

### MEMORANDUM OPINION

This matter is before the Court on a petition filed by a state-court criminal defendant, identifying herself as "Cila, Shannon Greer" (hereinafter, Petitioner), which she captioned as an "emergency petition to stay the lower court and leave to file notice of removal" (DN 1). Petitioner cites 28 U.S.C. § 1443(1), requests the Court to stay her ongoing Oldham County criminal action (No. 20-M-347), and requests leave to file a notice of removal to this Court. For the reasons that follow, the Court will dismiss the petition.

**I.**

Petitioner states that she is filing "this new civil rights action" pursuant to 28 U.S.C. § 1443(1) and seeking "an emergency stay of the lower Kentucky Court of Justice Oldham District Court from all future proceedings in this criminal case, including the one scheduled for tomorrow at 9:00 a.m., until the matter of removal has been decided in this court."

Petitioner states that on February 2, 2022, she was attending a hearing via Zoom and that "the Judge ordered me to attend my Feb 16th hearing in person at the courthouse or face Contempt of Court and Bench Warrant for my arrest, to which I objected more than three times." She states that on the same date, she filed "an emergency notice to vacate [the judge's] order at the courthouse in the parking lot with the Clerk, STEVEN KAELIN, who refused to let me in on

judge's orders."  She asserts that when she attempted to enter the courthouse on February 16, 2022, "the two sheriff deputies descended upon me and my husband who came to support me." She continues, "They trespassed me off the courthouse premises, commanding me not to come back on pain of arrest and incarceration citing orders of the judge presiding over my case, the COMMONWEALTH OF KENTUCKY 12TH JUDICIAL CIRCUIT, and the SUPREME COURT OF KENTUCKY."

Petitioner states that on March 14, 2022, she received a text message informing her that she was to appear for a pretrial conference on March 16, 2022.  She states, "I have not been served with a court notice, and I am fearful for my safety and wellbeing if I go to the courthouse."  She asserts that she does not "know what the conference is for."  She maintains, "After the stress and duress of the last highly disturbing confrontation by the sheriffs, I have been physically ill for over a week, unable to work on my case, and uncertain as to how to proceed."  Petitioner reports that the prosecutor "has not attended any pretrial hearings in this matter since May 12, 2021, and I have received any formal notices in the mail regarding scheduled court events, so I am very confused about the status of my own case, which has been ongoing for 18 months since Sep 12, 2020."  She states that she wonders if the court is "attempting to start a fresh case" against her.  She further maintains that she has limited means to access the docket electronically and has not been allowed to physically enter the courthouse to access her court records "due to the judge's discretionary orders barring me from entering the building on pain of arrest, and because Kentucky does not have an open, transparent e-file system accessible to the public, including those facing criminal charges."  She also asserts that

she has evidence "that the judge is strongly prejudiced against me personally in favor of the adverse party."

Petitioner states, "I am hereby giving notice of my intent to file notice and application for removal of the above action to the United States District Court for the Western District of Kentucky Louisville Division, in Louisville and seek relief for the immediate stay of the lower district court." She asserts that the Court has jurisdiction under 28 U.S.C. § 1331. She asks the Court to grant her "at least 30 days" to submit her notice of removal. She states that she has not exceeded the 30-day notice requirement under § 1446 because, among other reasons, she received ineffective assistance of counsel at the commencement of her action "which nullifies the Oct 19, 2020, Arraignment plea entered" and she has since proceeded "sui juris." Petitioner requests this Court to obtain her complete case file.

## II.

### A. Request for stay

With regard to Petitioner's request to stay her state-court criminal action, there is "a strong judicial policy against federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975). Thus, when a federal action deals with issues involved in a state court proceeding, the federal court must abstain until the conclusion of the state proceeding, absent extraordinary circumstances. *James v. Hampton*, 513 F. App'x 471, 473-74 (6th Cir. 2013) (citations omitted). The Supreme Court first considered the propriety of federal-court intervention in pending state criminal prosecutions in *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" *O'Neill v. Coughlan*, 511 F.3d

638, 641 (6th Cir. 2008) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)). Further, the *Younger* abstention doctrine may be raised *sua sponte* by the court or by the parties. *See O'Neill*, 511 F.3d at 642; *Pethtel v. Tenn. Dep't of Children Servs.*, No. 3:10-CV-469, 2011 U.S. Dist. LEXIS 132711, at *3 (E.D. Tenn. Nov. 16, 2011).

"The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). If the three *Younger* criteria are satisfied, the court should abstain from interfering "unless there is a showing of bad faith, harassment, or another extraordinary circumstance that makes abstention inappropriate." *Graves*, 534 F. App'x at 406 (citing *Am. Family Prepaid Legal Corp.*, 498 F.3d at 332). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. The Commonwealth of Kentucky has an important interest in adjudicating Petitioner's criminal action. Petitioner has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate her constitutional claims. Indeed, to the extent Petitioner believes that her constitutional rights have been violated by the state trial court, she still has a number of state-court remedies available to her, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court. In addition, Petitioner alleges no unusual or extraordinary

circumstances sufficient to warrant federal intervention at this time. Therefore, she has failed to show that the state courts are unable to protect her interests at this time, and this Court must abstain from interfering in her on-going state court proceeding.

Furthermore, Petitioner's allegations do not implicate any of the *Younger* exceptions. She does not allege a flagrantly unconstitutional statute or an extraordinarily pressing need for federal relief. Petitioner's allegations might be read to support a claim that the state prosecutor or judge is acting in bad faith or intends to harass her. However, the Sixth Circuit has interpreted the "bad faith/harassment" exception very narrowly:

> As we have explained, the Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806-08 (3d ed. 1999)); *see also, e.g.*, *McNatt v. Texas*, 37 F.3d 629 (5th Cir. 1994) (holding that the bad faith/harassment exception to Younger "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions").

*Lloyd v. Doherty*, No. 18-3552, 2018 U.S. App. LEXIS 33324, at *10 (6th Cir. Nov. 27, 2018). Petitioner's allegations do not meet this standard.

For these reasons, Petitioner's petition for a stay of her state-court criminal case must be dismissed.

**B. Request for removal**

Petitioner also requests leave to file a notice of removal. In support of removal, she cites 28 U.S.C. § 1443(1). This section permits removal of a criminal action by a defendant "[a]gainst any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the

jurisdiction thereof[.]" 28 U.S.C. § 1443(1).  Under this provision, a removal petition must satisfy a two-pronged test.  *See  Johnson v. Mississippi*, 421 U.S. 213 (1975).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Id*. at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  More specifically:

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.  That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)).  Second, a petitioner must show that she cannot enforce the specified federal right in state court.  *Id*.  "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case."  *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

      Here, the petition neither alleges racial inequality nor that there is a formal expression of state law preventing Petitioner from enforcing her rights in state court.  Rather, it appears from the petition that she believes that the state court officials have acted improperly in her case alone.  This is insufficient to justify removal.  "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."  *City of Greenwood*, 384 U.S. at 827.  Because Petitioner has alleged only improper

actions by select state officials in the handling of her case, she must seek vindication of her rights through the state appellate courts. For these reasons, removal is not proper under § 1443(1).

### III.

Accordingly, the petition to stay the ongoing criminal action and for leave to file a notice of removal will be dismissed.[1] The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: March 16, 2022

Charles R. Simpson III, Senior Judge
United States District Court

cc: Petitioner/Defendant, *pro se*
    Clerk, Oldham District Court (20-M-347)
4411.010

---

[1] As procedural guidance, however, the Court advises that should Petitioner believe that her federal constitutional rights have been violated during her criminal proceeding, she should first exhaust her available state-court remedies (on direct appeal and by way of any post-conviction collateral attacks, such as an RCr 11.42, for instance) and then may file a federal habeas corpus petition under 28 U.S.C. § 2254.